UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LATAVIS DEYONTA MACKROY,

    Plaintiff,

v.                                                              Case No: 5:25-cv-74-JSS-PRL

DANA E. HILL, MICHAEL
FELICETTA, WILLIAM A.
SANTANA, JONATHAN
HANNIGAN, FEDERAL AGENT
KEVIN KAUFMAN, RONALD
BUDDE, and PAUL G. BYRON,

    Defendants.
_____/

**ORDER**

    Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint. (Dkt. 1.) Plaintiff moved to proceed in forma pauperis but did not include the required prisoner consent form. (Dkt. 3.) On February 13, 2025, the court deferred ruling on Plaintiff's motion and ordered him to either submit the prisoner consent form or pay the $405 filing fee within thirty days. (Dkt. 4.) On April 9, 2025, the court dismissed the case without prejudice for failure to comply with the February 13, 2025 order. (Dkt. 5.) Plaintiff moves for reconsideration, claiming that he did not comply with the court's order because he did not receive a copy of it until May 22, 2025. (Dkt. 7 at 2.)

    A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport*

*Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *see Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Upon review of Plaintiff's complaint, the court determines that it is due to be dismissed on the basis of pleading deficiencies, as described below. Accordingly, the court denies Plaintiff's motion for reconsideration without prejudice to Plaintiff's ability to file a new complaint under a new case number.

First, the complaint in this case is an impermissible "shotgun pleading" because Plaintiff does not separate each claim for relief into different counts, clearly state relevant facts that support each claim, or explain which claim is brought against which defendant. (*See* Dkt. 1.) *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). To avoid dismissal in his new case, Plaintiff must correct these deficiencies. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). If Plaintiff alleges that Defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, he must allege who violated each right and how they violated the right.

Second, Plaintiff is advised that "a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation omitted and alteration adopted). Similarly, judges enjoy absolute immunity "from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation

omitted). If Plaintiff asserts claims against a prosecutor or judge in his new case, as he has in this case, he must allege facts that show these immunity doctrines do not apply.

Third, the court requires prisoners to use the standard civil rights complaint form. *See* M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form . . . ."). Although Plaintiff used this form, he failed to answer several key questions. (*See* Dkt. 1 at 4–5.) Rather than provide answers to these questions in the spaces provided, he directs the reader to see an attached sixty-nine-page memorandum, complete with exhibits. (*Id.*) If Plaintiff files an amended complaint, he must use the form and include the requested information in the space provided. If Plaintiff requires additional space he may, as the form indicates, attach additional pages if needed, but he must make clear which additional pages relate to which of the form complaint's questions.

Finally, it appears that at least some of Plaintiff's claims arose in Winter Park, Florida. (*See id. passim*.) If that is correct, Plaintiff's amended complaint should be filed in the court's Orlando Division, not the Ocala Division. *See* M.D. Fla. R. 1.04(a), (b).

Accordingly:

1. Plaintiff's motion for reconsideration (Dkt. 7) is **DENIED**.
2. If Plaintiff files an amended complaint, he must either pay the appropriate filing fee or submit an affidavit of indigency to the court, and he must complete and

submit the appropriate forms. Plaintiff should not place this case number on the form, as the Clerk will assign a new case number.

3. The Clerk is **DIRECTED** to send Plaintiff a blank civil rights complaint form, an application to proceed in forma pauperis, a financial certificate, and a prisoner consent form.

4. This case remains closed.

**ORDERED** in Orlando, Florida, on July 8, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party